| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106<br>215-627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor:<br>Colonial Savings, F.A. | Order Filed on December 4, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br>Ernest C. Young aka Ernest Carlyle Young<br>Debtor | Case No.: 25-20342 JNP<br><br>Hearing Date: 12/17/2025 @ 9am<br><br>Judge: Jerrold N. Poslusny, Jr. |

## ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: December 4, 2025**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Page 2
Debtor:     Ernest C. Young aka Ernest Carlyle Young
Case No.:   25-20342 JNP
Caption:    **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Colonial Savings, F.A., holder of a mortgage on real property located at 420 Myrtle Ave, Lindenwold, NJ, 08021, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Andrew Thomas Archer, Esquire, attorney for Debtor, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor shall obtain a loan modification by January 26, 2026, or as may be extended by an application to extend the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to make post-petition payments in accordance with the terms of the loss mitigation order while the loss mitigation period is active; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee shall not make disbursements on Secured Creditor's claim while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to the pre-petition arrears or the difference between the regular post-petition payment and the loss mitigation payment, or any other post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if loss mitigation is unsuccessful, Debtor shall modify the plan to address Secured Creditor's pre-petition arrears, either by curing the arrears, selling the property, surrendering the subject property, or in a manner otherwise permitted by the code; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.